UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS CORONA, *et al.*<br><br>    Plaintiff,<br><br>    vs.<br><br>REMINGTON LODGING AND HOSPITALITY, LLC<br><br>    Defendants | Case No: 5:17-cv-01371-JGB-SP<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL AND JUDGMENT OF CLASS ACTION SETTLEMENT** |

Plaintiffs Motion for Final Approval of Class Action Settlement, and Plaintiffs' Motion for Attorney Fees and Costs/Request for Class Representative Enhancements, came on for hearing before this Court on April 15, 2019. Having considered the moving papers, and all of the supporting documentation and arguments submitted therewith, and good cause appearing therefore,

It is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

1. The Joint Stipulation of Class Action and PAGA Settlement, including its exhibits (the "Settlement Agreement"), and the definition of words and terms contained therein are incorporated by reference in this Order. The terms of this Court's Preliminary Approval Order of November 27, 2018, are also incorporated by reference in this Order.

2. For purposes of this Final Order and Judgment, the Court confirms certification of the Settlement Class defined as follows:

> All current and former hourly-paid or non-exempt California employees of Remington Hospitality & Lodging, LLC., who were employed in the Banquet Department of the Renaissance Palm Springs Hotel during the time period from May 30, 2013 through November 27, 2018.

3. The Court has jurisdiction over the subject matter of this action and over all parties to this action, including all Settlement Class Members. In compliance with this Court's Preliminary Approval Order, and consistent with the requirements of Rule 23, Notice Packets were sent to each Class Member by First Class U.S. mail. The Notice Packet informed Class Members of the terms of the Settlement, their right to receive their proportional share of the Settlement, their right to request exclusion, their right to object to the Settlement, their right to appear in person or by counsel at the Final Approval hearing, and their right to be heard regarding final approval of the Settlement. Adequate periods of time were provided by each of these procedures. No member of the Class presented an objection to the proposed Settlement as part of this notice process, or stated an intention to appear at the final approval hearing.

4. The Court further finds and determines that the Notice Packet and the notice procedure afforded adequate protections to Class Members, and provides the basis for the Court to make an informed decision regarding final approval of the Settlement based on the response of Class Members. The Court finds and determines that the Notice Packet provided in this case was the best notice practicable, which

satisfied the requirements of law and due process as to all persons entitled to such notice.

5. The Court finds that the Settlement Agreement was the product of arm's length settlement negotiations between the parties, and further determines that the terms of the Settlement Agreement are fair, reasonable and adequate. Accordingly, the Court finally approves the Settlement, and all of its terms, and directs the parties to effectuate the Settlement Agreement according to its terms.

6. All Class Members shall be deemed to be within the Class for all purposes of the Settlement, and shall be bound by the terms and conditions of the Settlement Agreement, including all orders issued pursuant thereto.

7. The Released Parties are released and discharged from any and all liability with respect to Class Member's Released Claims to the extent set forth in the Settlement Agreement.

8. The Court finds and determines that the individual settlement amounts to be paid to Settlement Class Members as provided for by the Settlement are fair and reasonable. The Court hereby grants final approval to, and orders the payment of, those amounts be made to the Settlement Class Members in accordance with the terms of the Settlement.

9. In compliance with the requirements of 28 U.S.C. § 1715(b), Defendant provided notice of the Settlement to the Attorney General of the United States of America and to the appropriate state officials (as that term is defined in 28 U.S.C. § 1715(a)(2)). As further required under 28 U.S.C. § 1715(d), more than 90 days have elapsed since the service of such notices. Neither the Attorney General of the United States nor any appropriate state official has served written objection to the Settlement or appeared at the hearing to object to the Settlement.

10. In compliance with the requirements of California Labor Code § 2699(l)(2), Plaintiffs' counsel provided notice to the Labor and Workforce Development

Agency ("LWDA") of the proposed Settlement. Plaintiffs' counsel received no objections from the LWDA regarding the proposed Settlement.

11. The Court finally approves James W. Johnston and Larry R. Hoddick as Class Counsel, and approves their joint request for a total of $60,0000 in attorney fees and $8,609.42 in reasonable litigation costs.

12. The Court finally approves Plaintiff Jesus Corona as a Class Representative, and approves an enhancement award to him in the amount of $5,000.00.

13. The Court finally approves Plaintiff Horacio Villela as a Class Representative, and approves an enhancement award to him in the amount of $5,000.00.

14. The Court finally approves Simpluris, Inc. as the Settlement Administrator to administer the Settlement consistent with the terms of the Settlement Agreement and this Order, and approves that it be paid $6,000.00 for its services rendered as Settlement Administrator.

15. The request for civil penalties under PAGA in the amount of $5,000.00 is hereby granted. Seventy-five percent of that amount ($3,750.00), shall be paid to the California Labor & Workforce Development Agency. The remaining twenty-five percent ($1,250.00), shall be allocated to the Net Settlement Fund to be distributed to Class Members under the terms of the Settlement Agreement.

16. Without affecting the finality of this Order, the Court shall retain exclusive and continuing jurisdiction over the Action, the Class Representatives, the Class and Defendant for purposes of supervising the consummation, administration, implementation, enforcement and interpretation of the Settlement Agreement and all other matters covered in this Order.

17. The Parties are hereby ordered to comply with the terms of the Settlement Agreement.

ORDER GRANTING MOTION FOR FINAL APPROVAL
AND JUDGMENT OF CLASS ACTION SETTLEMENT

18. The Court finds there is no just reason for delay, and directs the Clerk to enter judgment pursuant to Federal Rule of Civil Procedure 54 forthwith.

IT IS SO ORDERED, ADJUDGED AND DECREED

IT IS SO ORDERED

Date: April 22, 2019

_____
Hon. Jesus G. Bernal
UNITED STATES DISTRICT JUDGE